IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Crystal Woodley, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 3:06-2180-JFA-JRM |
| v. | ) | |
| | ) | |
| Blue Cross Blue Shield of South Carolina, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation dated February 22, 2008, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*. On August 1, 2006, plaintiff Crystal Woodley filed this action against her

employer, defendant Blue Cross Blue Shield of South Carolina, alleging pregnancy discrimination in violation of Title VII. On March 7, 2007, defendant filed a motion for summary judgment. On March 22, 2007, plaintiff responded in opposition to the motion, and defendant replied on April 2, 2007. On February 22, 2008, the magistrate judge filed a detailed and comprehensive report and recommendation ("report") recommending that defendant's motion for summary judgment be granted. Plaintiff did not file objections to the report.

In the report, the magistrate recommends granting summary judgment to defendant because plaintiff has failed to present direct evidence of pregnancy discrimination or to show that defendant's reason for not hiring plaintiff was pretext for discrimination. Plaintiff applied for an open position with defendant and was interviewed by Judy Rabon ("Rabon"), the supervisor authorized to make the hiring decision. During the interview, Rabon asked plaintiff about childcare arrangements during the training period for the position. Plaintiff was twenty-four weeks pregnant at the time of the interview. Plaintiff initiated this action after learning that she had not been hired for the position because information was presented during the interview that showed a conflict with her ability to attend training. Plaintiff was informed of the reason for non-hire through email correspondence with the recruiter for the position, Susie McKee ("McKee"), and plaintiff determined that her pregnancy was the only information revealed in the interview that could suggest a conflict with training.

In response to plaintiff's discrimination claim, defendant maintains that McKee responded to plaintiff's request as to why she was not hired from memory and actually confused plaintiff with another applicant. Rabon was the actual hiring decision-maker and had informed McKee by email of the ultimate hiring decision and the reasons for not hiring the other applicants. In one email, Rabon indicated that she was extending an offer to the selected applicant because of previous experience relevant to the position. In another email, Rabon indicated that plaintiff was not selected for the position because she had no previous processing experience and that another applicant was not hired because her schedule did not permit on-site training for the length specified.

The record is consistent with defendant's explanation that the email resulted from McKee's carelessness in relaying the reason that plaintiff was not selected for the position, and nothing is provided to rebut the explanation other than plaintiff's assumption that her pregnancy led defendant to believe that she had a scheduling conflict with training. Plaintiff argues that defendant has given two different reasons for the failure to hire plaintiff, which constitutes evidence of pretext for discrimination. However, defendant's legitimate, non-discriminatory reason to not hire plaintiff because of lack of experience was actually recorded in an email to McKee prior to the time that McKee relayed the potentially discriminatory reason to plaintiff. Furthermore, plaintiff has acknowledged that the interview notes accurately reflected her answers in the interview and that a conversation with the other applicant confirmed the articulated training conflict.

After carefully reviewing the applicable law and the record in this case, the court finds that the report fairly and accurately summarizes the facts and applies the correct principles of law and that the recommendation of the magistrate should not be disturbed. The court, therefore, adopts the recommendation of the magistrate in full and incorporates the report by specific reference. The court grants summary judgment in favor of defendant, and plaintiff's claims against defendant are dismissed.

For the foregoing reasons, the report and recommendation of the magistrate judge is incorporated herein by reference, and the defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

March 18, 2008                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge